UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN  DIVISION

_____

ORLANDO DEMETRIUS MITCHELL,

                    Plaintiff,                      Case No. 1:14-cv-824

v.                                      Honorable Janet T. Neff

KALAMAZOO COUNTY SHERIFF'S
DEPARTMENT et al.,

                    Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against all of the named Defendants, except for Plaintiff's due process claim against the Kalamazoo County Sheriff's Department.

**Factual Allegations**

Plaintiff currently is incarcerated at the Charles Egeler Reception and Guidance Center, but the events giving rise to his complaint occurred at the Kalamazoo County Jail.  In his *pro se* complaint, he sues the Kalamazoo County Sheriff's Department, Bronson Methodist Hospital (Bronson), Kalamazoo Department of Public Safety (KDPS), National Uniform Claim Committee (NUCC) and the National Uniform Billing Committee (NUBC).

Plaintiff alleges that, before being incarcerated at the jail, he sustained a head injury during the course of his employment and was transferred without his consent by KDPS officers to Bronson for medical evaluation.  While it is unclear from the complaint, it appears that Plaintiff was taken from the hospital to the Kalamazoo County Jail.  Kalamazoo County paid the hospital $1,259.41 for Plaintiff's medical expenses and subsequently charged those expenses to Plaintiff's prisoner trust account.  Plaintiff had $207.97 in his prisoner account, which was taken and applied to the debt without any prior notice.  Plaintiff contends that the funds in his prisoner account were improperly seized to pay the debt because his medical expenses could have been covered by worker's compensation.  However, jail officials have refused or ignored Plaintiff's requests to provide him with the necessary documentation to file a claim.

Without money in his prisoner account, Plaintiff alleges that he is unable to purchase stamps and envelopes for his legal mail, nor can he obtain the necessary materials to write to the courts or his attorney.  Plaintiff further claims that he is unable to purchase items for proper hygiene from the prison store.  While soap is issued to indigent inmates, Plaintiff alleges that the jail does not provide free deodorant, body lotion, wash cloths, underwear or socks.  Plaintiff also filed a

supplement (docket #7) in which he claims that, during the pendency of his criminal trial, he was moved to protective custody at the jail where he was locked down for 23 hours per day.

For relief, Plaintiff seeks monetary damages from each of the named Defendants.

## Discussion

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1)).

I.      **Bronson, NUCC and NUBC**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).  In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street v. Corrs. Corp. of Am.*, 102 F.3d 814 (6th Cir. 1996).  There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself."  *Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff has not presented any allegations by which Bronson's conduct could be fairly attributed to the State. The fact that Bronson may receive public funding and that the hospital is licensed by the state does not render it a "state actor" for purposes of § 1983.  *See Rendell–Baker v. Kohn*, 457 U.S. 830, 840 (1982) (nonprofit, privately operated school's receipt of public funds did not make its employee discharge decisions acts of state subject to suit under federal statute governing civil action for deprivation of rights); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (allegation that hospital and social worker were subject to state licensing was insufficient to support finding that defendants were acting under color of state law); *Adams v. Vandemark*, 855 F.2d 312, 315–16 (6th Cir. 1988) (fact that nonprofit corporation was funded almost entirely by public sources, and was subject to state regulation, without more, is insufficient to make private entity's decision to discharge employees attributable to state for purpose of § 1983 action). Accordingly, Plaintiff fails to state a § 1983 claim against Bronson.

-4-

Likewise, Plaintiff fails to allege how the alleged conduct of NUCC or NUBC could be fairly attributed to the State.  According to Plaintiff, NUCC is the insurance company for Kalamazoo County Jail and NUBC is the insurance company for Bronson.  However, the NUCC and NUCB are not insurance companies.  The National Uniform Claim Committee (NUCC) was created to develop a standardized data set for use by the non-institutional health care community to transmit claim and encounter information to and from all third-party payers.  *See* http://www.nucc.org/index.  Similarly, the National Uniform Billing Committee (NUBC) was formed in 1975 to develop and maintain a single billing form and standard data set to be used nationwide by institutional, private and public providers and payers for handling health care claims.  *See* http://nubc.org/aboutus/index.  Even if the NUCC and the NUBC were private insurance companies, they clearly are not state actors.  Accordingly, they will be dismissed for failure to state a claim.

II.      **Kalamazoo Department of Public Safety**

Plaintiff makes only one reference to KDPS in the body of his complaint.  He vaguely asserts that after he sustained an injury at his place of employment, "(KDPS) PSO's transported me without my consent to be evaluated for medical attention."  (Compl., docket #1, page ID#3.)  It is unclear from the complaint whether Plaintiff was under arrest at the time that the officers allegedly transported him to the hospital.  Regardless, Plaintiff does not dispute that he was injured or that he received medical treatment for his injury at the hospital.  The scant allegations set forth in the complaint do not permit the court to infer more than the mere possibility of misconduct.  *Iqbal*, 556 U.S. at 679.  Moreover, a municipality cannot be held liable for the conduct of its officers under a theory of respondeat superior.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  Instead, a municipality is liable under § 1983 only if the challenged conduct occurs

-5-

pursuant to a municipality's "official policy," such that the municipality's promulgation or adoption of the policy can be said to have "cause[d]" one of its employees to violate the plaintiff's constitutional rights. *Id.* at 692. Plaintiff does not allege any policy or custom with regard to his claim against KDPS, and, therefore, fails to state a claim.

### III.     **Kalamazoo County Sheriff's Department**

Plaintiff also asserts various claims against the Kalamazoo County Sheriff's Department. As previously discussed, a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Monell*, 436 U.S. at 694. In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784-85 (1997).

In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. MICH. COMP. LAWS § 51.75 (sheriff has the "charge and custody" of the jails in his county); MICH. COMP. LAWS § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); MICH. COMP. LAWS § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the

sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff  "establishes the policies and customs described in *Monell*").  Thus, the Court looks to the allegations in Plaintiff's complaint to determine whether Plaintiff has alleged that the sheriff has established a policy or custom which caused Plaintiff to be deprived of a constitutional right.

A.    Due Process

Plaintiff first claims that the Kalamazoo County Sheriff's Department seized funds from his prisoner account to pay the hospital bill without notice or a hearing in violation of his due process rights.  "The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of those interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  The Sixth Circuit has held that Plaintiff has a protected property interest in his inmate trust fund account.  *See Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997).  Consequently, Plaintiff may not be deprived of his prison trust account funds without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).  The due process of law gives the person notice and an opportunity to be heard before he is deprived of any significant property interest. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citing *Mullane v. Cent. Hanover Bank & Trust*, 444 U.S. 277, 284 n.9 (1980)); *see also Wolff*, 418 U.S. at 563–68 (minimal due process protections required before a prisoner may be deprived of a liberty interest are notice, written statement of reasons for the action, and an opportunity to be heard).  Where a pre-deprivation hearing is impractical, a post-deprivation hearing may be constitutionally adequate. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

-7-

In this case, Plaintiff alleges that he was deprived of the funds in his prisoner account without notice or a pre or post-deprivation hearing. At this stage of the proceedings, the Court finds that Plaintiff has sufficiently alleged that his funds were seized in violation of his due process rights and that the seizure was made pursuant to a policy or custom.

B.    Remaining claims

With regard to his remaining claims, Plaintiff fails to allege that he was deprived of a constitutional right.

First, Plaintiff alleges that because all of the funds were improperly seized from his prisoner account, he was unable to purchase stamps and envelops for his legal mail, nor can he obtain the necessary materials to write to the courts or his attorney. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's accessibility to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff

-8-

must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff does not allege that he suffered actual injury to pending or contemplated litigation. Consequently, he fails to state a claim for violation of his right of access to the courts.

Plaintiff also contends that without money in his prisoner account, he was unable to purchase items for proper hygiene from the prison store. While soap is issued to indigent inmates, Plaintiff alleges that the jail does not provide free deodorant, body lotion, wash cloths, underwear or socks. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.[1] Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might

---

[1]Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard). Where any person acting under color of state law abridges rights secured by the Constitution or United States laws, including a detainee's Eighth and Fourteenth Amendment rights, § 1983 provides civil redress. 42 U.S.C. § 1983; *see, e.g.*, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989).

endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff does not allege that he has been deprived of basic hygiene supplies, such as soap, toothpaste and toilet paper. *See Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) (discussing cases involving the deprivation of hygiene items). The jail's failure to provide additional free items, such as deodorant, body lotion, wash cloths, underwear and socks does not constitute the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. Moreover, Plaintiff does not allege that he suffered any adverse health effects or extreme discomfort as due to the absence of those items. *Argue v. Hofmeyer*, 80 F. App'x at 427, 430 (6th Cir. 2003) (holding that a prisoner had failed to state an Eighth Amendment claim because he did not allege a complete denial of hygiene products or that he "suffered extreme discomfort" as a result of the denial); *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002) (finding that the plaintiff had failed to allege that "he suffered extreme discomfort due to his inability to purchase the items or that he was completely denied the basic elements of hygiene"). Accordingly, Plaintiff fails to state an Eighth Amendment claim.

-10-

Plaintiff also filed a supplement (docket #7) in which he claims that, during the pendency of his criminal trial, he was moved to protective custody at the jail, where he was locked down for 23 hours per day.  In *Sandin v. Conner,* 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause.  According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin,* 515 U.S. at 486-87; *see also Jones v. Baker,* 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995).  In *Sandin*, the Supreme Court concluded that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. *Sandin,* 515 U.S. at 484.  Similarly, the Sixth Circuit has held that mere placement in administrative segregation, and placement for a relatively short period of time, do not require the protections of due process. *Rimmer-Bey,* 62 F.3d at 790-91; *see Joseph v. Curtin,* 410 F. App'x 865, 868 (6th Cir. 2010) (61 days in segregation is not atypical and significant).  Consequently, Plaintiff's short-term placement on lockdown during his criminal trial did not implicate the Due Process Clause.

The Sixth Circuit has further held that, without a showing that basic human needs were not met, the denial of privileges as a result of segregation or lockdown cannot establish an Eighth Amendment violation.  *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).  Plaintiff does not allege that he was deprived of basic human needs while on lockdown, and, thus, also fails to state an Eighth Amendment claim.

**<u>Conclusion</u>**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), except for Plaintiff's due process claim against the Kalamazoo County Sheriff's Department.

An Order consistent with this Opinion will be entered.


Dated:   December 19, 2014                        /s/ Janet T. Neff
                                                   Janet T. Neff
                                                   United States District Judge