UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO MITCHELL #948055,

        Plaintiff,                              Hon. Janet T. Neff

v.                                                 Case No. 1:14-cv-824

KALAMAZOO COUNTY
SHERIFF DEPARTMENT, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (Dkt. #20). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **dismissed**.

## BACKGROUND

In his complaint, Plaintiff makes the following allegations. (Dkt. #1). On an unspecified date, Plaintiff suffered a head injury while at work. Plaintiff was transported by officials with the Kalamazoo Department of Public Safety (KDPS) to Bronson Hospital for treatment. After receiving treatment, Plaintiff was transported to the Kalamazoo County Jail. The cost of Plaintiff's medical treatment, $1,259.41, was paid by Kalamazoo County. The County later seized funds from Plaintiff's prisoner trust account, in the amount of $207.97, to offset the cost of his medical treatment.

Plaintiff initiated the present action against: (1) Kalamazoo County Sheriff Department; (2) Kalamazoo Department of Public Safety; (3) Bronson Methodist Hospital; (4) National Uniform Claim Committee; and (5) National Uniform Billing Committee.  Plaintiff's claims have all been dismissed except for his claim against the Kalamazoo County Sheriff Department that seizure of his prisoner trust account violated his procedural due process rights.  Defendant now moves for summary judgment.

## **LEGAL STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery."  *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini*, 440 F.3d

at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch.*

*Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

The record reveals that on April 17, 2014, Plaintiff was arrested on a charge of murder following an altercation at or near his then place of employment. (Dkt. #21, Exhibits 1-4). Plaintiff was then transported to Bronson Hospital to receive treatment for injuries he sustained in the altercation in question. (Dkt. #21, Exhibits 1-6). After receiving medical treatment, Plaintiff was taken to the Kalamazoo County Jail. (Dkt. #21, Exhibit 4).

Because Plaintiff was in the custody of the Kalamazoo County Sheriff's Department when he was taken to Bronson for treatment, the invoices for Plaintiff's treatment were delivered to the Kalamazoo County Sheriff's Department which paid such. (Dkt. #21, Exhibits 8, 11).

Michigan law authorizes local governments to "seek reimbursement for expenses incurred in providing medical care and treatment" to prisoners. Mich. Comp. Laws §§ 801.51, 801.301. The primary person from whom reimbursement may be sought is the prisoner himself. *Id.* Consistent with this authority, the Kalamazoo County Sheriff's Department charged to Plaintiff's inmate trust account the amount the County paid to Bronson for Plaintiff's medical treatment.[1] (Dkt. #21, Exhibit 11). Plaintiff alleges that these charges, which he eventually paid, violated his due process rights.

Pursuant to the Due Process Clause of the Fourteenth Amendment, before depriving an individual of life or a constitutionally protected liberty or property interest the state must provide the individual notice and an opportunity to be heard. *See Paterek v. Village of Armada, Michigan*, 801 F.3d 630, 649 (6th Cir. 2015). To prevail on his procedural due process claim, Plaintiff must satisfy three elements: (1) the existence of a constitutionally protected property interest; (2) a deprivation of that property interest; and (3) he was not afforded adequate procedural protection. *Id.* As the Court has previously determined, "Plaintiff has a protected property interest in his inmate trust fund account." (Dkt. #12 at PageID.35). Accordingly, "Plaintiff may not be deprived of his prison trust account funds without due process of law." (Dkt. #12 at PageID.35). Plaintiff's claim fails because he was not *deprived* of a protected property interest.

Where prisoners are charged for the cost of their healthcare, such does not constitute a constitutional deprivation of property so long as the medical services were actually provided and the charges for such are not unreasonable. *See, e.g., Bailey v. Carter*, 15 Fed. Appx. 245, 251 (6th Cir., July 20, 2001) (no deprivation of property where prisoner was charged for medical services

---

[1] The cost of Plaintiff's medical treatment totaled $1,799.16, but because the County received a thirty percent discount, the County only paid (and Plaintiff was only charged) $1,259.41. (Dkt. #21, Exhibit 11).

received); *Kaplan v. Michigan Department of Corrections*, 2013 WL 1289524 at *13 (W.D. Mich., Mar. 8, 2013) ("Plaintiff was not unconstitutionally deprived of his property by being charged for medical services which he actually received"); *Whitaker v. Thornton*, 2014 WL 585323 at *4 (W.D. Ky., Feb. 14, 2014) (same). Plaintiff has presented no evidence that he did not receive the medical treatment in question or that the charges for such were unreasonable. The undersigned concludes, therefore, that Plaintiff did not suffer a constitutional deprivation of property. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (Dkt. #20), be **granted** and this action **dismissed**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 22, 2016        /s/ Ellen S. Carmody
                              ELLEN S. CARMODY
                              United States Magistrate Judge